UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON PANZA,

    Plaintiff,

vs.

No.:

MICHAEL W. MAY and
FIRSTFLEET, INC.,

    Defendants.

| ARVIN J. PEARLMAN (P18743)<br>ELAINE L. LIVINGWAY (P39307)<br>ARVIN J. PEARLMAN & ASSOCIATES<br>Attorneys for Plaintiff<br>24725 W. 12 Mile Road, Suite 220<br>Southfield, MI 48034<br>248-356-5000; 248-356-0001 - fax | MICHAEL K. SHEEHY (P38824)<br>RANDAL M. BROWN (P70031)<br>PLUNKETT COONEY<br>Attorneys for Defendants<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>313-983-4721 |
|---|---|

## NOTICE OF REMOVAL, RELIANCE UPON JURY DEMAND

NOW COME Defendants, Michael W. May and Firstfleet, Inc. by and through their attorneys, PLUNKETT COONEY, and, pursuant to 28 U.S.C.A. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the above-captioned matter to the United States District Court for the Eastern District of Michigan, Southern Division from the Wayne County Circuit Court where the action is now pending and states as follows:

    1.    The above-captioned matter was filed in Wayne County Circuit Court on or about October 31, 2011, and is now pending in that court.

    2.    Defendants, Michael W. May and Firstfleet, Inc. were both served with the Summons and Plaintiff's Complaint and Demand for Jury Trial in this matter on or about November 15, 2011.

    3.    The above-captioned matter is an automobile negligence claim stemming

1

from a motor vehicle accident on or about October 6, 2009 brought by the Plaintiff, Jason Panza, in which the Plaintiff seeks monetary damages, as a result of the Defendants' alleged negligence for his injuries.

4. The above-captioned matter involves a controversy which is wholly between citizens of different states in that at the time of the commencement of this action in Wayne County Circuit Court, the Plaintiff was a citizen of the State of Michigan, and Defendant, Michael W. May, resided in Findley, Ohio, at the time of the subject incident. In addition, Defendant, Firstfleet, Inc.'s principal place of business was Murfreesboro, Tennessee at the time of the incident.

5. This action is one over which the District Courts of the United States are given original jurisdiction.

6. The time within which Defendants, Michael W. May and Firstfleet, Inc., are required to file this Notice of Removal to Federal Court has not yet expired.

7. According to the allegations in Plaintiff's Complaint, Plaintiff seeks to recover monetary damages in connection with alleged injuries sustained as a result of Defendants' alleged negligence.

8. Defendants, Michael W. May and Firstfleet, Inc., file with this Notice a copy of all process, pleadings, and orders served upon Defendants, Michael W. May and Firstfleet, Inc., in this action.

9. This action is removable to this Court under and by virtue of the acts of Congress of the United States.

10. Defendants, Michael W. May and Firstfleet, Inc., have served written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

11.  A copy of this Notice will be filed with the Clerk of the Wayne County Circuit Court, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Michael W. May and Firstfleet, Inc., respectfully request that they may effect removal of this action from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, and that this action proceed in this Court as an action properly removed.

                              Respectfully submitted,

                              PLUNKETT COONEY

                              By: /s/Randal M. Brown
                              Randal M. Brown (P70031)
                              Attorneys for Defendants
                              535 Griswold St., Suite 2400
                              Detroit, MI 48226
                              (313) 983-4754
                              Fax:  (313) 983-4350
                              Email:  rbrown@plunkettcooney.com

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

JASON PANZA,

    Plaintiff,

vs.

MICHAEL W. MAY and
FIRSTFLEET, INC.,

    Defendants.

No.: 11-013303 NI

HON. JOHN A. MURPHY

| ARVIN J. PEARLMAN (P18743)<br>ELAINE L. LIVINGWAY (P39307)<br>ARVIN J. PEARLMAN & ASSOCIATES<br>Attorneys for Plaintiff<br>24725 W. 12 Mile Road, Suite 220<br>Southfield, MI 48034<br>248-356-5000; 248-356-0001 - fax | MICHAEL K. SHEEHY (P38824)<br>RANDAL M. BROWN (P70031)<br>PLUNKETT COONEY<br>Attorneys for Defendants<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>313-983-4721 |
|---|---|

## NOTICE OF FILING REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:   Arvin J. Pearlman, Esq.                    Clerk of the Court
        Attorney for Plaintiff                          Wayne County Circuit Court

      PLEASE TAKE NOTICE that, pursuant to 28 USC §1441, Defendants, Michael W. May & Firstfleet, Inc., hereby file with the Clerk of the Court a copy of their Notice of Removal, attached hereto, and which was filed with the United States District Court, Eastern District of Michigan, Southern Division on December 8, 2011.

                                              Respectfully submitted,
                                              PLUNKETT COONEY
                                              By: /s/Randal M. Brown
                                              Randal M. Brown P70031
                                              Attorneys for Defendants
                                              535 Griswold St., Suite 2400
                                              Detroit, MI 48226
                                              (313) 983-4754 - Fax: (313) 983-4350
                                              Email: rbrown@plunkettcooney.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on December 8, 2011. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

By:       **X** U.S. Mail      ___ FAX
         ___ Hand Delivered      ___ Other:
         ___ UPS

PLUNKETT COONEY
By: /s/Randal M. Brown
Randal M. Brown P70031
Attorneys for Defendants
535 Griswold St., Suite 2400
Detroit, MI 48226
(313) 983-4754
rbrown@plunkettcooney.com

Open.22100.13927.11408970-1

2

## ARVIN J. PEARLMAN & ASSOCIATES, P.C.
ATTORNEYS AND COUNSELORS AT LAW
24725 WEST TWELVE MILE ROAD, SUITE 220
SOUTHFIELD, MICHIGAN 48034

ARVIN J. PEARLMAN
ELAINE L. LIVINGWAY

* ALSO ADMITTED IN ARIZONA

TELEPHONE
(248) 356-5000

FACSIMILE
(248) 356-0001

OF COUNSEL
MICHAEL PIANIN *
MARK H. FREEDMAN

November 9, 2011

Michael W. May
921 Putnam St.
Findlay, OH 45840-2437

Re: Accident of 10/06/09

Dear Mr. May:

Enclosed please find a Summons, Complaint, Interrogatories and Request for Production of Documents from a lawsuit filed in the Wayne County Circuit Court against Firstfleet, Inc., et al.

Please, also be advised that you have twenty-eight (28) days to file an answer with the court after receiving these documents. If you fail to do so, a judgment may be entered against you for the relief demanded in the Complaint.

Very truly yours,

ARVIN J. PEARLMAN & ASSOCIATES

Arvin J. Pearlman

AJP/bl
Enclosures



| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>11-013303-NI |
|---|---|---|



22100 1397
1.50

**COURT ADDRESS:** 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

**COURT TELEPHONE NO.** (313) 224-

**THIS CASE ASSIGNED TO JUDGE:** John A. Murphy    **Bar Number:** 24492

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| PANZA, JASON | vs | MAY, MICHAEL W |

**PLAINTIFF'S ATTORNEY**

Pearlman, Arvin J.
(P-18743)
24725 W 12 Mile Rd Ste 220
Southfield, MI 48034-8344
(248) 356-5000

| CASE FILING FEE | JURY FEE | |
|---|---|---|
| Paid | Paid | |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 10/31/2011 | 01/30/2012 | Linda Taylor |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JASON PANZA,

    Plaintiff,

-vs-                                            Case No.      NI
                                                 Hon.

MICHAEL W. MAY and
FIRSTFLEET, INC.,

    Defendants.
                                    /

**ARVIN J. PEARLMAN AND ASSOCIATES**
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiffs
24725 W. 12 Mile Rd, St. 220
Southfield, Michigan 48034
(248) 356-5000
                                      /

There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the Complaint.

_____
ARVIN J. PEARLMAN P18743
ELAINE L. LIVINGWAY P39307
**Attorneys for Plaintiffs**

## COMPLAINT AND JURY DEMAND

    NOW COMES Plaintiff, Jason Panza, by and through his attorneys, Arvin J. Pearlman and Associates, and for his Complaint against Defendants, states as follows:

### GENERAL ALLEGATIONS

    1.    Plaintiff, Jason Panza, is a resident of Wayne County, Michigan.

    2.    Defendant, Michael W. May, is, upon information and belief, a resident of Hancock County, Ohio.

    3.    Defendant, FirstFleet, Inc. is, upon information and belief, a Tennessee Corporation which conducts business in Wayne County, Michigan.

    4.    The amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney fees.

    5.    On October 6, 2009, Plaintiff, Jason Panza, sustained a serious impairment of body

function as set forth in Michigan's No-Fault Act, MCL 500.3135 *et. seq.*, while lawfully operating a motor vehicle in City of Flat Rock, County of Wayne, State of Michigan when he was "sideswiped" by a commercial motor vehicle operated by Defendant, Michael W. May when Defendant, Michael W. May failed to leave enough clearance for his trailer or failed to yield when entering the same lane of travel in which Plaintiff, Jason Panza, was traveling.

### COUNT I: NEGLIGENCE
### MICHAEL MAY

6. Plaintiff, Jason Panza, incorporates each and every allegation contained in the General Allegations as if set forth in this Count.

7. Defendant, Michael W. May, owed a duty to Plaintiff, Jason Panza, to operate his motor vehicle on October 6, 2009 in a safe and reasonably prudent manner, and to comply with the requirements of Michigan Vehicle Code, MCLA 257.1, *et. seq.* and the laws of the State of Michigan.

8. Defendant, Michael W. May, breached this duty on October 6, 2009 in one or more of the following ways:

   a) Failing to yield the right of way to motor vehicles which are lawfully in a lane of travel and have the right-of-way;

   b) Failing to keep a proper look out for vehicles that have the right of way;

   c) Failing to exercise reasonable and ordinary care in the operation of his motor vehicle;

   d) Failing to operate his motor vehicle at a careful and prudent speed;

   e) Failing to keep his motor vehicle under control at all times;

   f) Operating his motor vehicle in a careless and reckless manner in disregard for the safety of Plaintiff;

   g) Failing to comply with the requirements of 49 C.F.R. §391.1 *et seq.* and 49 C.F.R. §392.1 *et seq.* which require that the operator of a commercial motor vehicle have the necessary skill and knowledge to safely operate said commercial motor vehicle; and

   h) Upon information and belief, failing to comply with the requirements of 49 C.F.R. §395.1 *et seq.* which prescribe maximum driving time for property-carrying commercial motor vehicles.

9. Defendant, Michael W. May's, breaches of duties as enumerated above are the proximate causes of damages and injuries sustained by Plaintiff, Jason Panza, to his left shoulder,

including, but not limited to:

    a)     a superior labral anterior-posterior (SLAP) lesion or tear;

    b)     a posterior and anterior Bankart lesion;

    c)     glenohumeral instability;

    d)     impaired vision, left eye;

    e)     acromioclavicular joint arthritis;

    f)     subacromial impingement; and

    g)     subdeltoid fibrosis.

10.     Further, Defendant, Michael W. May's, breaches of duties as enumerated above are the proximate cause of Plaintiff, Jason Panza incurring pain, suffering, mental distress, loss of enjoyment of life, past, present and future; medical expenses; loss of earnings in excess of no-fault statutory maximums and loss of earning capacity.

11.     Plaintiff, Jason Panza's injuries are objectively manifested and have resulted in a serious impairment of one or more important body functions which affect his ability to lead his normal life.

**WHEREFORE**, Plaintiff, Jason Panza, respectfully requests a judgment against Defendant, Michael W. May, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars as is to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

## COUNT II: RESPONDEAT SUPERIOR
## FIRSTFLEET, INC.

12.     Plaintiff, Jason Panza, reaffirms and realleges each and every allegation contained in the General Allegations and Counts I though fully set forth in this Count.

13.     Upon information and belief, on October 6, 2009 Defendant, Michael W. May, was performing a duty within the course and scope of his employment with Defendant, First Fleet, Inc., when he wrongfully struck Plaintiff's motor vehicle with his trailer and caused all of Plaintiff's damages as hereinbefore enumerated.

14.     Defendant, FirstFleet, Inc., is vicariously liable for the wrongful actions of its employee, Defendant, Michael W. May, on October 6, 2009 pursuant to the Doctrine of *Respondeat*

*Superior* under Michigan common law.

**WHEREFORE**, Plaintiff, Jason Panza, respectfully requests a judgment against Defendant, FirstFleet Inc, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars as is to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

### COUNT III: OWNER'S LIABILITY ACT
### FIRSTFLEET, INC.

15. Plaintiff, Jason Panza, incorporates each and every allegation contained in the General Allegations and Count I and Count II as though fully set forth in this Count.

16. Upon information and belief Defendant, FirstFleet, Inc. was the owner of the tractor and/or trailer operated by Defendant, Michael W. May on October 9, 2009, and Defendant, Michael W. May was operating said tractor-trailer with Defendant, FirstFleet, Inc.'s permission.

17. As the owner of the vehicle driven by Defendant, Michael W. May, Defendant FirstFleet, Inc. is vicariously liable to Plaintiff, Jason Panza, for his damages and injuries as enumerated above pursuant to Michigan's Owner's Liability Act, MCL 257.401, for the negligent operation of its motor vehicle by Defendant, Michael W. May, on October 6, 2009, whether the negligence consists of a violation of the provisions of the statutes of the State of Michigan or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law require.

**WHEREFORE**, Plaintiff, Jason Panza, respectfully requests a judgment against Defendant, FirstFleet Inc, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars as is to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

### COUNT IV: NEGLIGENT HIRING, RETENTION, SUPERVISION
### FIRSTFLEET, INC.

18. Plaintiff, Jason Panza, incorporates each and every allegation contained in the General Allegations and Count I, Count II and Count III as though fully set forth in this Count.

19. Defendant, FirstFleet, Inc. owed a duty to Plaintiff under Michigan common law to act reasonably in hiring, retaining and supervising Defendant, Michael W. May.

20. Defendant, FirstFleet, Inc. breached this duty by failing to take the necessary steps to ensure that its driver, Michael W. May, was reasonably safe in the operation of its vehicles, including failing to comply with the requirements of 49 C.F.R. § 383.1 *et seq.*, 49 C.F.R. § 391.1

*et seq.* and 49 C.F.R. § 392.1 *et seq.* which require that all drivers of commercial vehicles have and demonstrate knowledge and skills necessary to safely operate a commercial vehicle. and 49 C.F.R. § 395.1 *et seq.* which prescribe maximum driving time for property-carrying commercial motor vehicles.

21. Plaintiff, Jason Panza's injuries as enumerated above were proximately caused by Defendant, FirstFleet, Inc.'s breach of duty to act reasonably in hiring, retaining and supervising Defendant, Michael W. May,

**WHEREFORE**, Plaintiff, Jason Panza, respectfully requests a judgment against Defendant, FirstFleet Inc, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars as is to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

ARVIN J. PEARLMAN & ASSOCIATES

BY: _____
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiffs
24725 W. Twelve Mile, Suite 220
Southfield, Michigan 48034
(248) 356-5000

DATED: October ___, 2011

## JURY DEMAND

NOW COMES Plaintiff, Jason Panza, by and through his attorneys, and hereby demands a trial by jury of the allegations and matters set forth in Plaintiff's Complaint.

ARVIN J. PEARLMAN & ASSOCIATES

BY: _____
ARVIN J. PEARLMAN  (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiffs
24725 W. Twelve Mile, Suite 220
Southfield, Michigan  48034
(248)  356-5000

DATED: October ___, 2011

22100.13927
,30
duc i.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JASON PANZA,

        Plaintiff,

-vs-                                      Case No. 11-013303- NI
                                          Hon. John A. Murphy

MICHAEL W. MAY and
FIRSTFLEET, INC. ,

        Defendants.
_____/

**ARVIN J. PEARLMAN AND ASSOCIATES**
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiffs
24725 W. 12 Mile Rd, St. 220
Southfield, Michigan 48034
(248) 356-5000
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, MICHAEL W. MAY

**NOW COMES** Plaintiff, Jason Panza, by and through his attorneys, Arvin J. Pearlman and Associates, and hereby requests that Defendant, Michael W. May, provide the requested documents as set forth in the following Request for Production of Documents in accordance with MCR 2.310:

1.      Copies of all witness statements in the possession of Defendant regarding the incident giving rise to this lawsuit.

2.      Copies of all proof of loss forms, incident or accident reports regarding the incident giving rise to this lawsuit which are in Defendant's possession.

3.      Copies of all of Defendant's insurance policy declaration sheets which provide coverage for the claims arising out of the incident giving rise to this lawsuit.

4. Copies of all reports issued by experts that Defendant may use at the time of trial of this matter.

5. Copies of all curriculum vitaes of all experts that Defendant may use at the time of trial.

6. Laser copies or reprints of all photographs regarding the incident in Defendant's possession, including any photographs which depict the damage to any of the vehicles involved in the incident giving rise to this lawsuit.

7. Copies of any statements given or prepared by Defendant, Michael W. May.

8. Copies of any statements given by any witnesses relating to the incident giving rise to this lawsuit.

9. Michael W. May's personnel file as maintained by Defendant, FirstFleet, Inc.

ARVIN J. PEARLMAN AND ASSOCIATES

BY: _____
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiff
24725 W. Twelve Mile Road, Suite 220
Southfield, Michigan 48034
(248) 356-5000

DATED: November 8, 2011